IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

```
IN RE:                          )
                                )     Chapter 7
THEODORE BLAIR BURGHOFF,        )
                                )
    Debtor.                     )     Bankr. No. 05-10947
------------------------------
ANITA L. SHODEEN, Trustee,      )
                                )     Adv. No. 06-30153-pjk
    Plaintiff,                  )
                                )
vs.                             )
                                )
JOHN PETIT,                     )
                                )
    Defendant.                  )
```

**ORDER RE: RULING ON MOTIONS FOR SANCTIONS**

Hearing was held on June 21, 2007 in Des Moines, Iowa on the Court's own Motion setting a sanctions hearing involving counsel for Defendant. Attorney Peter Cannon appeared as counsel of record for Defendant John Petit. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

The Court set a sanctions hearing concerning Mr. Cannon upon concluding that he may have filed two briefs which incorporated unattributed material from a scholarly article. Mr. Cannon argues that while it is inappropriate for him to copy text from the article without crediting its authors, he should not be sanctioned for copying citations from this work. He has self-reported himself to the Iowa Supreme Court Attorney Disciplinary Board. He believes that appropriate sanctions might include a letter of apology to the article's authors, and perhaps community service.

**FINDINGS OF FACT**

Mr. Peter Cannon, a West Des Moines, Iowa attorney, represented Defendant John Petit in an adversary proceeding initiated by Trustee to uncover assets of the Theodore Burghoff bankruptcy estate. Defendant sought to remove counsel for

Trustee in this adversary based on alleged potential conflicts of interest arising from their role as counsel for other interested parties.  In support of his argument for removal of counsel, Mr. Cannon, on behalf of his client, filed an eighteen-page brief titled "Defendants (sic) Brief in Support of Removal of Attorneys for the Trustee" on November 3, 2006 (Doc. 27).  The parties were heard on this issue on November 7th.  On November 17th, Defendant filed a nine-page post-hearing brief titled "Defendants (sic) Post Hearing Brief in Support of Removal of Attorneys for Trustee" (Doc. 43).  Mr. Cannon, as counsel for Defendant, signed both briefs.

After reading both briefs filed by Mr. Cannon, and concluding that both contained an extraordinary amount of research, the Court directed Mr. Cannon to certify the author or authors of the two briefs.  On December 22, 2006, Mr. Cannon certified that while he had prepared both briefs, he had "relied heavily" on an article written by others.  The article upon which Mr. Cannon relied is Why Professionals Must Be Interested in "Disinterestedness" Under the Bankruptcy Code, May 2005, ("the Article") by William H. Schrag and Mark C. Haut, two attorneys of the New York office of Morgan, Lewis & Bockius LLP.  The Court located this article on the internet at http://www.morganlewis.com /pubs/Disinterestedness_v2.pdf.  Mr. Cannon fails to acknowledge or cite this article in either brief.

Seventeen of the nineteen total pages in the pre-hearing brief are verbatim excerpts from the Article.  Mr. Cannon added some introductory material, a one-page section titled "Argument," and a conclusion.  In between the introduction and argument, most of the first twenty pages of the Article are reproduced verbatim.  The twenty pages Mr. Cannon reproduced appear as they did in the Article, with slight variations in formatting of the type that result when material is copied from one electronic document into another.

Mr. Cannon's only significant modification to the Article text he incorporated into the pre-hearing brief was to delete certain passages, including some that would not support Defendant's attempt to remove counsel for Trustee.  As an example, the Article's authors include an impressive string citation supporting the proposition that "the applicant moving for . . . retention . . . is to provide full and complete disclosure of all connections that the professional has with parties in interest in the case."  Though Mr. Cannon reproduced this sentence, complete with the page-long string citation supporting it, he deleted two cases from the citation which suggested a lesser standard of disclosure.  He also deleted

contrary authority from a later section of the text he copied, where the authors devote two paragraphs to treating alternative approaches courts take to conflicts of interest. While the first paragraph states that "some courts" hold only actual conflicts of interest will preclude retention, the second paragraph states that "other courts" will find potential conflicts preclude retention. Mr. Cannon omitted the first paragraph, and recast the first line of the second paragraph to indicate that "most courts" would find that potential conflicts preclude retention.

While Mr. Cannon's post-hearing brief contains more original material than his pre-hearing brief, it still continues to borrow heavily from the Article. Mr. Cannon wrote much of the brief's text, but reproduced string citations from the Article for supporting authority. The citations he selected are presented in the same order in which they appear in the Article, with the same parenthetical explanations. Aside from these reproduced citations, Mr. Cannon did not add any case law in support of his position.

Mr. Cannon appeared before the Court for the hearing on sanctions on June 21, 2007. He informed the Court that he found the Schrag and Haut Article on the Internet, and planned to use it as the framework for his brief. He concedes he "stepped over the line" by copying the text into the pre-hearing brief without making greater modifications. However, Mr. Cannon also takes the position that the act of copying citations was not plagiarism. As the post-hearing brief borrowed citations, but not text, from the Article, Mr. Cannon does not believe that his filing of the post-hearing brief was unethical.

At the Court's request, Mr. Cannon has reported to the Court the total amount which he charged his client for the preparation of both briefs. Mr. Cannon billed his client a total of $5,737.50 for these services. In his response to the Court, Mr. Cannon states: "I have waived fees and costs of $11,500 to my client to accommodate him for my mistake and address the inconvenience to him."

Mr. Cannon suggested at the sanctions hearing that an appropriate resolution would include an apology to Mr. Schrag and Mr. Haut, and disgorgement of fees for preparing the briefs. In a letter to the Court, Mr. Cannon suggested that he could provide 100 hours of community service as well.

3

**CONCLUSIONS OF LAW**

   The U.S. District Court's Local Rule 83.2 provides that "[w]hen a member of the bar of this court . . . allegedly engages in misconduct . . . , the court may initiate informal disciplinary proceedings against the lawyer. . . ."  S.D. Iowa LR 83.2(g)(3).  The Rule allows the Court to conduct such proceedings "in any appropriate manner, including by . . . the imposition of sanctions."  S.D. Iowa LR 83.2(g)(3)(A).  In defining "misconduct," the Local Rules incorporate the standards set forth in the Iowa Rules of Professional Conduct.  S.D. Iowa LR 83.2(g)(1).

   It is a violation of the Iowa Rules of Professional Conduct for an attorney to "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation."  Iowa Rules of Prof'l Conduct R. 32:8.4.  Plagiarism, which is "[t]he deliberate and knowing presentation of another person's original ideas or creative expressions as one's own," Black's Law Dictionary (8th ed. 2004), is a form of misrepresentation.  Iowa Supreme Court Bd. of Prof'l Ethics & Conduct v. Lane, 642 N.W.2d 296, 300 (2002); accord In re Lamberis, 443 N.E.2d 549 (Ill. 1982) (finding plagiarism constitutes deceit under Illinois Code of Professional Responsibility); cf. United States v. Jackson, 64 F.3d 1213, 1219 n.2 (8th Cir. 1995) (disapproving of a brief that "directly track[ed]" a circuit court opinion which the attorney did not cite).  Because attorney plagiarism violates the Iowa Rules of Professional Conduct, Lane, 642 N.W.2d at 299, an attorney who plagiarizes engages in misconduct under the local federal rules.  S.D. Iowa LR 83.2(g)(1).

   Mr. Cannon admits he committed plagiarism when he filed the pre-hearing brief, though he minimizes his mistake by characterizing it as a failure to make greater changes to the borrowed material.  The circumstances are similar to Lane, where the Iowa Supreme Court ruled that an attorney who filed a brief containing eighteen pages "cherry-picked" from a legal treatise had committed plagiarism warranting disciplinary action.  Lane, 642 N.W.2d at 300.  In filing the pre-hearing brief containing about twenty pages of unattributed material, Mr. Cannon committed an equivalent act of plagiarism.  Mr. Cannon's statement that his modifications simply fell short misses the point.  Mr. Cannon's ethical shortcoming was in misrepresenting Schrag and Haut's work as his own, and not in failing to adequately disguise their authorship.  Id. (noting defendant's failure to contribute any independent thought into his legal argument).

4

Mr. Cannon does not admit to plagiarism in respect to the post-hearing brief because he copied citations, and not text, from the Article. It is his position that the copying of string citations is not plagiarism. However, at least one court has found that reproducing material consisting primarily of citations is in fact plagiarism. See Frith v. State, 325 N.E.2d 186, 188 (Ind. 1975) (attorney who reproduced more than ten pages of an American Law Report in his brief committed plagiarism). Citations, particularly string citations with parenthetical explanations, can contain original expressions and ideas in the same way that text can. See, e.g., Washington v. Glucksberg, 521 U.S. 702, 761 (1997) (Souter, J., concurring) (collecting case citations and commenting on what the "parentheticals here suggest"); Klinedinst v. Swift Invs., Inc., 260 F.3d 1251, 1256 (11th Cir. 2001) ("The cumulative effect of these citations is persuasive. . . ."). The particular citations appropriated by Mr. Cannon list dozens of cases, and provide a quote or synopsis for each case that explains its relevance to the authors' argument. By passing off these citations as his own, Mr. Cannon plagiarized Schrag and Haut's ideas and expressions just as surely as if he had copied an equivalent amount of text.

Mr. Cannon's second violation of the Iowa Rules of Professional Conduct was in charging his client $5,737.50 for 25.5 hours of work in preparing the two briefs. This amount is unreasonable given the actual labor Mr. Cannon invested in these projects. Iowa Rules of Prof'l Conduct R. 32:1.5. Rule 32:1.5 prohibits attorneys from "charg[ing] or collect[ing] unreasonable fee[s]" Id. Two of the eight factors the Court must consider in determining whether legal fees are reasonable are "the time and labor required" and "the fee customarily charged in the locality for similar legal services." Id. The list of factors is not exhaustive, and fees must be "reasonable under the circumstances." Id. cmt. 1. Mr. Cannon billed his client for 25.5 hours of work to prepare the two briefs. Because he could not have expended that number of hours in locating the Article, copying it into his word processing program, and adding what little material he did, his fees are far in excess of what other lawyers would charge for this amount and type of work. See Columbus Bar Assn. v. Farmer, 855 N.E.2d 462, 473 (Ohio 2006) (attorney's fee of $41,000 for drafting an appellate brief nearly identical to the one filed by his predecessor was excessive); Lane, 642 N.W.2d at 301 (attorney's fee of $16,000 to draft post-hearing brief largely plagiarized from a treatise was excessive). Because charging this unreasonable fee is a violation of Rule 32:1.5, it is another form of misconduct under the local rules. S.D. Iowa LR 83.2(g)(1).

Mr. Cannon violated the Iowa Rules of Professional Conduct when he plagiarized material for two briefs, and when he billed his client for an amount well in excess of the time he could reasonably spend preparing these briefs. As these violations of the Iowa Rules of Professional Conduct are misconduct under Local Rule 83.2, sanctions are warranted under Local Rule 83.2(g)(3).

### SANCTIONS

The local rules do not permit the court to suspend or disbar an attorney in an informal disciplinary proceeding. S.D. Iowa LR 83.2(g)(3)(A). Otherwise, they are silent as to what sanctions are available for attorney misconduct. Id. Generally, sanctions for misconduct must be tailored to the circumstances, In re Crofford, 317 B.R. 779, 781 (B.A.P. 8th Cir. 2004), and "commensurate with the egregiousness of the conduct." In re Redding, 251 B.R. 547, 552-53 (Bankr. W.D. Mo. 2000). While attorney discipline is a matter generally left to state courts, a state authority's ability to impose disciplinary action in the future does not limit a federal court's "power or responsibility" to impose sanctions as problems arise. Harlan v. Lewis, 982 F.2d 1255, 1261 (8th Cir. 1993).

In addition to exposing himself to significant sanctions, Mr. Cannon's acts of plagiarism burden the Court, undercut his client's cause, and generate criticism of the legal profession. Moreover, parroting a scholarly article in this way is not an effective type of advocacy. See Frith, 325 N.E. 2d at 189. More fundamentally, Mr. Cannon's disregard for the true authors' property rights in their ideas reveals a lack of integrity that reflects poorly on the legal profession. Lane, 642 N.W.2d at 300; Lamberis, 443 N.E.2d at 551. The egregiousness of Mr. Cannon's conduct requires an appropriate sanction. See Redding, 251 B.R. at 552-53.

Courts often sanction attorneys who pursue groundless or frivolous claims in violation of Federal Rule 11 by requiring that they complete remedial course work, a sanction suggested by Rule 11 itself. Willhite v. Collins, 2007 WL 1572147, *1 (D. Minn. 2007) (requiring attorney to attend a course in federal jurisdiction); Bergeron v. Northwest Publ'ns, Inc., 165 F.R.D. 518 (D. Minn. 1996) (requiring attorney to attend a private course in civil procedure and local rules); Moser v. Bret Harte Union High Sch. Dist., 366 F. Supp. 2d 944 (E.D. Cal. 2005) (requiring firm to provide its attorneys with ethics training); Fed. R. Civ. P. 11 advisory comm. notes (1993) ("The court has available a variety of possible sanctions to impose for violations, such as . . . requiring participation in seminars or

other educational programs."). This sanction is warranted where necessary to prevent the attorney from persisting in wrongheaded conduct. Willhite, 2007 WL 1572147, at *2. Though Mr. Cannon's actions do not implicate Rule 11, remedial course work in ethics would appear to be appropriate. This strikes the Court as a particularly relevant sanction because various comments by Mr. Cannon concerning this conduct convinces the Court that he may not appreciate that this conduct is inappropriate. It appears that the concept of the inappropriateness of plagiarism is lost on Mr. Cannon which unfortunately reveals a fundamental professional deficiency.

Because Mr. Cannon does not appreciate the nature of plagiarism, a continuing education class will not cure his ethical shortcomings. Id. at *2. Mr. Cannon's deficiency calls for the more-involved method of instruction offered in a law school course on professional responsibility. See id. Mr. Cannon may complete the course at an accredited law school or arrange for private instruction from a professor of one of these institutions. See id.

Mr. Cannon's act of unreasonably billing his client for the plagiarized briefs justifies an additional sanction of disgorgement. Where an attorney bills for work not performed, the court may deny fees and order disgorgement of fees already paid. In re Clark, 223 F.3d 859, 862 (8th Cir. 2000). It is evident that Mr. Cannon billed his client for more hours than he actually spent on the briefs. See, e.g., Lane, 642 N.W.2d at 301 (noting that attorney could not take eighty hours to copy material from a treatise into his brief). Moreover, given the quality and utility of the finished products, any amount Mr. Cannon charged his client for the time required to put these briefs together is unreasonable. See Iowa Rules of Prof'l Conduct R. 32:1.5 (listing "results obtained" and "ability of the lawyer" as two factors for determining whether attorney fees are reasonable). Mr. Cannon has indicated that he has already waived collection of these fees. Absent evidence to the contrary, this Court will accept this statement in lieu of other disgorgement.

## CONCLUSION

Mr. Cannon violated the Iowa Rules of Professional Conduct by plagiarizing material for briefs and by unreasonably billing his client for preparation of the briefs. These violations are sanctionable misconduct under Local Rule 83.2(g). Given the egregiousness of Mr. Cannon's conduct, the Court has determined that the appropriate sanctions include 1) completion of a law school course in professional responsibility and 2) disgorgement

of fees charged for preparing the plagiarized briefs.  While the sanctions imposed by this Court are not de minimus, they are not as severe as ordered in many Courts.  This Court, however, has only the limited jurisdiction allowed by informal sanctions.  The Court also recognizes that the U.S. District Court has authority to commence a formal procedure and the Iowa Attorney Disciplinary Board will also review this conduct.  As such, the sanctions imposed are adequate at this time.

**WHEREFORE,** the Court finds Attorney Peter Cannon violated the Iowa Rules of Professional Conduct and Local Rule 83.2(g) by plagiarism and unreasonable billing for plagiarized material.

**FURTHER,** Attorney Cannon shall complete a law school or equivalent course in professional responsibility on or before August 31, 2008.

**FURTHER,** Attorney Cannon shall disgorge fees charged to Defendant John Petit for this work.  This is deemed completed unless it is determined that waiver of fees did not in fact occur.

**FURTHER,** Mr. Cannon shall formally notify the authors of the Article of these proceedings and provide this Court with a copy of said correspondence.

**FURTHER,** a copy of this Order shall be sent by the Clerk of Bankruptcy Court to Chief Judge Robert W. Pratt of the U.S. District Court in the Southern District of Iowa.

**FURTHER,** a copy of this Order shall be sent to the Iowa Supreme Court Attorney Disciplinary Board, Judicial Branch Building, 1111 East Court Avenue, Des Moines, IA 50319.

DATED AND ENTERED: August 21, 2007

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE